ALBERT WALTZ, by his next friend, A. WALTZ, Appellee v. SAMUEL ETNIER, JR., GAIL ETNIER, and ARTHUR ETNIER, Appellants.

**Assault and battery:** DAMAGES: PLEADINGS. A petition in an action for damages for assault and battery which alleges actual damages, asks nominal and exemplary damages with a general prayer for a substantial sum, when followed by proof of actual damages will authorize the allowance of either actual or exemplary damages.

**Same:** AMENDMENT. An amendment which is intended to cover a defect in the original pleading, if unassailed, will be treated as accomplishing that end.

**Same:** PROOF OF CONSPIRACY. Although conspiracy is alleged in an action for assault and battery, yet where all but one of the defendants are dismissed, it need not be proven.

**Assault and battery:** FACT QUESTION. Upon conflicting evidence it is for the jury to determine who was the aggressor in an affray.

*Appeal from Story District Court.*— J. R. WHITAKER, Judge.

TUESDAY, MARCH 10, 1908.

ACTION at law to recover damages for an assault and battery. The case was dismissed as to defendants Gail and Arthur Etnier, and submitted to a jury upon the issues joined between plaintiff and Samuel Etnier, resulting in a verdict and judgment for plaintiff in the sum of $100. Defendant appeals.— *Affirmed.*

*Bert B. Welty* and *E. H. Addison,* for appellant.

*J. F. Martin,* for appellee.

DEEMER, J.— The petition alleged that " the defendants Samuel Etnier, Jr., Arthur Etnier, and Gail Etnier wrongfully, willfully, and maliciously, without provocation, struck, bruised, and beat the said plaintiff with their hands and fists, bruised his face, his head and body, whereby he suffered great pain and anguish, and was thereby damaged in the sum of $1,000, no part of which has been paid after being due and payment thereof demanded. Plaintiff further says that by reason of said unlawful assault, bruising, and beating of him by said defendants he suffered great pain, and was obliged to employ a physician and have his said injuries treated, and was thereby disabled, and which expenses of physician he believes to be about the sum of $5, and he asks nominal and punitive damages in this action against the said defendants, in all the sum of $1,000, as aforesaid. Wherefore plaintiff demands judgment against the defendants and each of them in the sum of $1,000, with interest thereon at six per cent. from the 3d day of March, 1906, until the day at which judgment shall be entered in this action, together with costs of suit." The answer was a general denial and an affirmative plea of self-defense. After the evidence had been adduced plaintiff filed an amendment to his petition, which contained the following: " That in carrying out the said

conspiracy and confederating together wrongfully, as aforesaid, the defendant did bruise, beat, kick, and injure plaintiff about the face, head, and body to his damage in the sum as stated in his original petition, for which amount he now asks damages. Wherefore plaintiff demands judgment against the defendants and each of them in the sum of $1,000, with interest at six per cent. from March 3, 1906, until the day at which judgment shall be entered in this action, together with cost thereof."

Defendant contends that the trial court was in error in instructing that the jury might allow plaintiff either actual or exemplary damages, and in not charging that his recovery was limited simply to nominal damages. This is based upon the assumption, first, that exemplary damages will not be allowed unless actual damages are suffered and asked; and, second, that no actual damages were asked in the petition. It is true that the original petition is peculiar in this respect; but we think it alleges actual damages, asks for nominal and exemplary damages, and closes with a general prayer for a substantial sum. But however this may be, the amended petition covers any defects there may have been in the original, and as there was no attack made upon this amendment by motion or otherwise it should be treated as remedying any defect there may have been in the original petition. The amendment introduced no new cause of action, and there is no reason for not considering it. The original petition alleges actual damages, however, and a judgment for a substantial sum is asked. This was sufficient to justify the instructions given. Of course exemplary damages will not be allowed where nothing more than nominal damages are asked or shown, but in this case they were both proved and alleged.

It is contended that there is no evidence tending to show a conspiracy upon the part of the defendants and no proof of malice. It was unnecessary to show a conspiracy,

and there is ample testimony, if believed, to show malice on the part of defendant Samuel Etnier.

Further it is argued that plaintiff was the aggressor, and that the defendant was acting in self-defense. This was a question for the jury, and in view of the conflict in the testimony upon this proposition we are not justified in interfering with the verdict. Again it is said that the verdict is excessive. But in this there is no merit. There is ample testimony to support it. The affair was doubtless a neighborhood quarrel or fight; but the jury was justified in finding that defendant should pay the penalty for his victory over the plaintiff.

No error appears and the judgment must be, and it is, *affirmed.*